## Mary Sampson, Appellee, v. Sanfrid Harmstrom et al., Appellants.

### Gen. No. 20,299.  (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS
E. SULLIVAN, Judge, presiding. Heard in this court at the March
term, 1914. Reversed and remanded with directions. Opinion filed
November 30, 1914. *Certiorari* denied by Supreme Court (making
opinion final).

### Statement of the Case.

Bill by Mary Sampson against Sanfrid Harmstrom
and Albert Harmstrom to rescind a transaction be-
tween the complainant and defendant Sanfrid Harm-
strom on the ground that a fiduciary relation existed
between said parties and that complainant was in-
duced to enter into the transaction through his false
and fraudulent representations. From a decree grant-
ing the relief prayed, defendants appeal.

JAMES G. SKINNER and C. H. SIPPEL, for appellants.

CHARLES J. O'CONNOR, R. HAROLD O'CONNOR and
EDWARD C. KESLER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the
court.

### Abstract of the Decision.

1. EXCHANGE OF PROPERTY, § 10*—*when party not entitled to re-
scission.* Where a woman, after making loans through a real estate
and loan broker, entered into a contract with the broker for an ex-
change of real estate and gave her note secured by mortgage for

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

the difference in the value of the properties and subsequently became in arrears in making payments, whereupon the broker required her to execute to him a quitclaim deed as an equitable mortgage, *held* there was no fiduciary relation existing between the parties at the time the contract was made or the deed was given nor any ground for rescinding the same in equity.

2. BROKERS, § 6*—*relation with person making loan.* Where a mortgage banker or dealer in securities sells to a person a note secured by a mortgage, the buyer is an investor, and the relation growing out of the transaction is that of banker and customer or seller and buyer and not a fiduciary or trust relation.

3. BROKERS, § 6*—*when fiduciary relation created.* When a person intrusts money to another to invest for him and the person who is intrusted with the money selects the security and makes the investment, a trust or fiduciary relation is created.

4. BROKERS, § 6*—*when fiduciary relation not created.* The fact that a person buying a note from a loan broker paid for it with money which the broker had collected for him, and that the note and interest coupons were payable at his office and the interest was paid there and turned over to the buyer of the note, *held* not to create a trust or fiduciary relation between them.

5. BROKERS, § 6*—*when not a general agent.* An owner by listing lots with a real estate agent for sale does not make the agent the owner's general agent.